H. B. SHIELDS v. A. H. McNEILL.

*Practice — Appeal — Interlocutory Judgment — Referee's Report, Exceptions to.*

1. An interlocutory judgment, as to which no assignment of errors excepted to on the trial is set out or appears on the record of the appeal from the final judgment, will not be considered.

2. Where exceptions to a referee's report are not filed within the prescribed time, it is within the discretion of the judge below to refuse to consider them.

This was a CIVIL ACTION, tried before *Greene, J.*, at the January Term, 1896, of MOORE Superior Court, upon exceptions to Referee's report, certain of the issues arising upon pleadings having been tried before *Whitaker, Judge*, and a jury, at March Term, 1893.

It appeared that the Referee appointed by *Judge Whitaker* had made report to December Term, 1894—and that upon hearing exceptions to said report the cause was re-referred to the Referee. Without hearing further evidence, the Referee made report to the same term of the court, to-wit, August term, 1895. The defendants were allowed thirty days to file exceptions. By mistake of time allowed —the defendant's counsel believing sixty days had been allowed instead of thirty—on the 19th day of October, 1895, he filed exceptions. Upon suggestion that the defendant's exceptions to said report had not been filed within the thirty days allowed, the court declined to hear said exceptions, to which the defendant excepted. The defendant, McNeill, then demanded that his exceptions unto the first

report, in so far as they applied to the second report, should be heard by the court, which demand, upon objection by plaintiff, was refused.   To this the defendant excepted.

It appears from the evidence taken before the Referee, that the defendant, McNeill, was the owner of an interest in the $230 mortgage, amounting to $140 principal and interest thereon, which fact was admitted by the plaintiff.

Judgment was rendered by the court for the plaintiff, to the form of which judgment the defendant, McNeill, excepted, for that said judgment directed a foreclosure of the $230 mortgage in which said McNeill had a $140 interest, and out of the proceeds of said sale the $90 interest of the plaintiff and the $100 mortgage should be paid, leaving the McNeill interest unprovided for.

The defendants further objected to said judgment for error in the court in declining to hear exceptions to report of Referee.

The defendant appealed.

*Messrs. Black & Adams*, for plaintiff.

*Messrs. Douglass & Spence* and *W. E. Murchison*, for defendant (appellant).

FURCHES, J. :   The trial and judgment before *Whitaker*, *J.*, at March term, 1893, settled two questions : That S. C. Barrett and wife executed the Monger and Worthy mortgage, and that said Barrett and wife were the owners of the land conveyed by said mortgage at the time of its execution.   But it was contended on the argument for the defendant that the judgment of *Whitaker*, *J.*, was interlocutory and erroneous and that exceptions were noted; and in this appeal we are asked to review the trial before *Whitaker*, *J.*   This we cannot do, whether the judgment was interlocutory or not.   If it is what is termed a final judgment, it should have been appealed from at that time.

And, if it is what is termed an interlocutory judgment, where the exceptions might be noted and reserved till final judgment, it is not necessary for us to determine. For if it be considered interlocutory we cannot review it, unless there was some error assigned, or apparent on the record. And in this case there is no assignment of error as to the trial and judgment before *Whitaker, J.*, and none appears in the record.

The consideration we have given the *Whitaker* judgment disposes of all the exceptions as to the irregularity of the sheriff's sale, including the dates of issuing the execution and date of sale, as this evidence was all introduced for the purpose of determining whether Barrett and wife were the owners of the land at the date of the mortgages, when this question had been settled by the *Whitaker* trial and judgment at March term, 1893.

And the other question to be considered is defendant's exceptions to the Referee's report. These exceptions were not filed within the thirty days allowed, in which they were to be filed. And the court on this account refused to hear or consider them, and confirmed the report. As the exceptions were not filed within the time allowed, it was discretionary with the judge whether he would hear and consider them or not, and we cannot review this discretion.

Upon the argument it was contended by defendant's counsel that the judgment provided for the payment of plaintiff's debt out of a sale of the mortgaged property, and had not provided for the payment of defendant's debt. But upon examination we find this is not the case, and the judgment seems to be a proper one.

It appears from the case that defendant McNeill has become the purchaser of Barrett's reversionary interest in the land, and is therefore the fee-simple owner, subject to

plaintiff's incumbrance.   This being so, if he pays plaint-
iff's recovery the land is his.   It is not necessary for him
to pay his own debt; this would be foolishness that the
law does not provide for.   But the judgment is that if
plaintiff's debt is not paid the land is to be sold, and
reported to court for further orders, and then the applica-
tion will be made according to the priority of the mort-
gages, (*McQueen* v. *Smith*, at this Term,) first, to the satis-
faction of the A. R. McDonald mortgage, and then to the
A. H. McNeill mortgage.   We find no error, and the
judgment is affirmed.

Affirmed.